IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRAYLON RAY COULTER, §<br>    #202200383, §<br>        PETITIONER, §<br> §<br>V. §<br> §<br>UNITED STATES OF AMERICA, §<br>        RESPONDENT. § | CIVIL CASE NO. 3:22-CV-921-M-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Braylon Ray Coulter's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

Coulter, a federal pretrial detainee in the Johnson County Jail, challenges the criminal charges pending against him. Doc. 3 at 1-2, 5-7. He is awaiting trial on a second superseding indictment charging him with Possession of a Firearm by a Convicted Felon and Conspiracy to Obstruct an Official Proceeding. *United States v. Coulter*, No. 3:19-CR-0068-M-1 (N.D. Tex.); Crim. Doc. 61. On October 1, 2020, the Court granted Coulter's Amended Motion to Suppress Custodial Statements and the government filed an interlocutory appeal. Crim. Doc. 103; Crim. Doc. 104. The Court subsequently continued the trial awaiting resolution of the appeal. Crim.

Doc. 107; *see USA v. Coulter*, No. 20-10999 (5th Cir.) (pending).

Later, Coulter exercised his right to self-representation and his defense counsel was ordered to remain in the case as stand-by counsel. Crim. Doc. 155 at 3. Coulter subsequently filed various motions unsuccessfully challenging the Court's jurisdiction over the charged offenses. *See* Crim. Doc. 180 (denying motions including a motion to dismiss for lack of personal jurisdiction); Crim. Doc. 182 (denying "Motion to Dismiss – United States Does Not Exist [and] United States is Not Real"); Crim. Doc. 193 (denying challenge to personal and subject matter jurisdiction of this Court as well as other related motions). Undeterred, Coulter has since filed other, still pending motions, along with numerous affidavits and notices, asserting jurisdictional and sovereign-citizen claims.[1]

On April 26, 2022, Coulter filed the instant pretrial habeas corpus petition, seeking relief under 28 U.S.C. § 2241. Doc. 3. He again complains that this Court lacks jurisdiction over the charged criminal offenses. Doc. 3 at 6. Specifically, he argues the government has "failed to submit into evidence documentation showing ownership by the federal government over the place where the offense is alleged to have occurred . . . ." Doc. 3 at 6. Coulter further alleges his pending criminal charges "fail[] to state a claim upon which relief could be granted." Doc. 3 at 6. He asserts that the "perjured testimony of Officer Guzman and Special Agent Cammie" was "relied upon to secure and maintain the reasonable suspicious/probable cause necessary for the unconstitutional unlawful prolonging traffic stop, arrest, detention, and indictment." Doc. 3 at 6.

---

[1] *See* Crim. Doc. 190; Crim. Doc. 191; Crim. Doc. 192; Crim. Doc. 200; Crim. Doc. 201; Crim. Doc. 202; Crim. Doc. 203; Crim. Doc. 204; Crim. Doc. 205; Crim. Doc. 206; Crim. Doc. 207; Crim. Doc. 209; Crim. Doc. 210; Crim. Doc. 211; Crim. Doc. 212; Crim. Doc. 213; Crim. Doc. 218; Crim. Doc. 221; Crim. Doc. 222; Crim. Doc. 223; Crim. Doc. 224; Crim. Doc. 225; Crim. Doc. 226; Crim. Doc. 227; Crim. Doc. 228.

Lastly, Coulter complains of defamation of character. Doc. 3 at 7. He contends the "Court erred by relying on untruthful statement of [him] being a burglar," which he alleges "prejudiced [his] suppression hearing," as "incompetent evidence was used to establish reasonable suspicion." Doc. 3 at 7.

Coulter requests that the indictment be dismissed and that he be awarded monetary damages for his unlawful confinement and for the government's failure to respond, which he argues has "resulted in irreparable injury." Doc. 3 at 7. He concedes, however, that he raised all the same grounds for relief in his federal criminal case. Doc. 3 at 5 (checking the box for "other petition, application, or motion about the issues raised in this petition" and identifying *pro se* filings in his criminal case).

Upon review, the Court concludes that Coulter's defamation claims are not cognizable, and with respect to his pre-trial habeas claims, he should be required to exhaust the remedies available in his criminal case. Therefore, his petition should be dismissed.[2]

**II. ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[3]

---

[2] Although Coulter did not file a certificate of inmate trust account with his motion to proceed *in forma pauperis*, it is more efficient to dismiss the petition than to require compliance with the Court's filing requirements.

[3] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

### A. Defamation and Monetary Damages Claims are not Cognizable

Coulter seeks compensatory damages for defamation, false imprisonment, and other claims not clearly stated. However, none of his claims is cognizable in this habeas corpus action. It is well established that habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," and that civil rights actions are typically used to attack conditions of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976) (habeas relief generally exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose"). *See also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (declining to extend federal habeas jurisprudence to conditions of confinement claims).

### B. Petitioner should Exhaust his pre-trial habeas claims in his Criminal Case

Pretrial habeas relief is available to a federal pretrial detainee only "in rare and exceptional cases." *Johnson v. Hoy,* 227 U.S. 245, 247 (1913) (citations omitted). It is well established that courts "should withhold relief . . . where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle,* 342 U.S. 1, 6–7 (1951) (citations omitted). Likewise, it is a well "settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert*, 251 F.2d 59, 60 (5th Cir. 1957)). In *Bowler*, two federal pre-trial detainees filed a petition under § 2241 challenging their indictment after the district court denied their motion to dismiss it. 1995 WL 449713, *1. The Court of Appeals for the Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a

direct appeal and concluded that the petitioners' arguments should be "presented and reached 'in the orderly administration of justice.'" *Id.* at *2; *see also Philip v. Cruz*, 3:11-CR-0361-L, 2012 WL 1413432, at *1–2 (N.D. Tex. Mar. 26, 2012), *R. & R. adopted*, 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012) (dismissing § 2241 detention and prosecution claims for failing to exhaust remedies available in the federal detainee's pending criminal case).

      Here, as in *Bowler*, the claims Coulter raises in his § 2241 habeas petition can be pursued in his pending criminal action. That Coulter elected self-representation in his criminal case does not impact his ability to raise his claims. Indeed, as he concedes, he previously raised the same claims in his criminal case and already has been denied relief on a number of occasions. *See* Crim. Doc. 180; Crim. Doc. 182; Crim. Doc. 193. Also, Coulter can proceed to trial and renew his claims, if desired, on direct appeal. *See Bowler*, 1995 WL 449713, *2 ("Even though the district court denied relief on these grounds, [the defendant] can proceed to trial and can raise this argument again on direct appeal. There is simply no exigency, urgency, or any other reason for us to allow the habeas petition as a substitute for direct appeal in this matter."); *U.S. ex rel. Palma*, 251 F.2d at 61 n.2 ("'[T]he writ is not intended as a substitute for the functions of a trial court. . . . Habeas Corpus is not ordinarily available in advance of trial to test the constitutionality of a statute under which the petitioner was indicted, or even to determine every jurisdictional question which may arise.'" (citations omitted)).

      On this record, Coulter does not present any rare or exceptional circumstances that would justify review of his pre-trial habeas petition now in lieu of a direct appeal. Accordingly, Coulter should be required to fully exhaust the remedies available to him in his pending criminal case, and his habeas challenge should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Coulter's defamation and monetary damages claims should be **DISMISSED WITHOUT PREJUDICE,** as they are not cognizable in a habeas corpus action, and his pretrial habeas claims under 28 U.S.C. § 2241 should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust the remedies available in his pending criminal case.

**SO RECOMMENDED** on April 29, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).